FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 27 1999

JAMES W. McCORMACK, CLERK

By: _____
DEP. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELLIS FOSTER, INDIVIDUALLY AND ON BEHALF
OF THE ESTATE OF EDDIE BAGBY, JR.                                    PLAINTIFF

V.                          NO.: LR-C-99-733

LARRY NORRIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF
THE ARKANSAS DEPARTMENT OF CORRECTIONS, CLIFFORD TERRY, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS WARDEN OF THE WRIGHTSVILLE UNIT, TOMMY
ROCHELLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR
AT THE BOOT CAMP, SGT. RICHARD WINTERS, INDIVIDUALLY AND IN HIS
CAPACITY AS A DRILL INSTRUCTOR FOR THE WRIGHTSVILLE UNIT, SGT. JOHN
BROADWAY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
ARKANSAS DEPARTMENT OF CORRECTIONS                                   DEFENDANTS

## COMPLAINT

Comes now the plaintiff, Ellis Foster, individually and on behalf of the estate of Eddie Bagby, Jr., by and through undersigned counsel, and for his complaint, states:

I.

### JURISDICTION

1. This suit is instituted pursuant to 42 U.S.C. §1983 and all statutes mandating punitive, compensatory, liquidated and declarative damages. Relief is also sought under the Arkansas Civil Rights Act, A.C.A. §16-123-101, et seq. and the common law actions of assault, battery, and intentional infliction of emotional distress. Relief is also sought pursuant to Arkansas Wrongful Death Act, A.C.A. §16-62-101. These claims are pendent to the claims for relief aforementioned

DOCUMENT NUMBER
1

and therefore this Court would have jurisdiction. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343.

II.

PARTIES

2. Plaintiff is a person of the full age of majority, a resident of the Eastern District of Arkansas, and the administrator of the Estate of Eddie Bagby, Jr., deceased, having been duly appointed on the 12th day of May, 1999 by the Yell County Probate Court. Before his death, Eddie Bagby, Jr. was a Black male citizen of the United States who resided in Pulaski County, Arkansas incarcerated at the Wrightsville Boot Camp, Wrightsville, Arkansas.

3. The defendant, Larry Norris, is a person over the age of eighteen and a resident of the Eastern District of Arkansas (believed to be residing in Jefferson County, Arkansas) and is the Director of the Arkansas Department of Corrections. The defendant, Clifford Terry, is a person over the age of eighteen and a resident of the Eastern District of Arkansas (believed to be residing in Pulaski County Arkansas) and is the Warden of the Wrightsville Unit of the Arkansas Department of Corrections. The defendant, Tommy Rochelle, is a person over the age of eighteen and a resident of the Eastern District of Arkansas (believed to be residing in Lonoke County, Arkansas) and at all relevant times was acting in the course and scope of his employment with the Arkansas Department of Corrections in the capacity of Administrator of the Boot Camp. The defendant, Richard

Winters, is a person over the age of eighteen and a resident of the Eastern District of Arkansas (believed to be residing in Faulkner County, Arkansas) and at all relevant times was acting in the course and scope of his employment with the Arkansas Department of Corrections. The defendant, John Broadway, is a person over the age of eighteen and is a resident of the Eastern District of Arkansas (believed to be residing in Pulaski County, Arkansas) and at all relevant times was acting in the course and scope of his employment with the Arkansas Department of Corrections. The defendant, Arkansas Department of Corrections, is a governmental entity located in the Eastern District of Arkansas.

### III.

### STATEMENT OF THE CASE

4. On or about December 16, 1998, Eddie Bagby, Jr., a 24 year old black male, was sentenced to the Arkansas Department of Corrections (ADC) to serve a sentence of one year and six months for Fleeing by the Pope County Circuit Court. Eddie Bagby, Jr. was received by the ADC on January 8, 1999. At the time of Eddie Bagby's entry into the ADC, he had a Transfer Eligibility date of January 29, 1999 and a discharge date of February 27, 2000.

5. Eddie Bagby, Jr. had suffered from asthma since his youth. Upon his initial entry into the Arkansas Department of Corrections, he was taken to the Diagnostic Unit for testing, examinations and unit assignment. While there, his medical records indicate that he

reported to ADC officials that he had difficulty breathing and that he had suffered from asthma since childhood. On February 2, 1999, Eddie Bagby, Jr. completed an application for admission to the Wrightsville Boot Camp Program. On Tuesday, March 9, 1999, Eddie Bagby, Jr. and twenty (20) other inmates arrived at the Wrightsville Boot Camp. Eddie Bagby, Jr. arrived at approximately 10:40 a.m.

6. The Wrightsville Boot Camp program is broken up into flights. There are five flights that are each twenty-one (21) days apart. The program lasts for 105 days. Generally, a flight consists of thirty (30) men and eight (8) women. Upon arrival, the inmates began the initial processing into the program. This consists of being provided lunch, an inventory of personal property, haircuts and orientation briefing. Boot Camp programs such as the one at the Wrightsville Unit are based upon strict military discipline. When an inmate first arrives, they normally stand in the hall for a period of time. The inmate then gets fitted for clothes, there is a medical evaluation and then they are provided with lunch. During the medical evaluation, an actual physical is not done. Rather, medical problems are supposed to be identified. If an inmate has a special medical condition, a red cross is supposed to be placed on the uniform. After eating, the inmates are then required to stand for a period of time before the Shock Incarceration begins. Shock Incarceration involves intensive physical training. During the Shock Incarceration, inmates

are required to perform double time running, push-ups, jumping jacks, sit-ups, and movement through an established obstacle course.

7. At approximately 1:30 p.m., the Shock Incarceration began for the Eddie Bagby, Jr.'s flight. Mr. Bagby began the physical training. At approximately 1:35 p.m., Mr. Bagby fell to the ground and he was unable to get up. While lying on the ground, defendant Sgt. Richard Winters, approached Mr. Bagby and began ordering him to get up and cursing at him in an effort to get him to continue the Shock Incarceration. Mr. Bagby indicated that he could not get up. He was having difficulty breathing. Sgt. John Broadway then approached the area and joined with Sgt. Winters in ordering Mr. Bagby to get up and cursing at Mr. Bagby. At the time, Tommy Rochelle, the Administrator of the Boot Camp, was present. Mr. Rochelle ordered Sgt. Broadway to get Mr. Bagby up from the ground. Sgt. Broadway warned Mr. Bagby that he would spray him, pulled his canister of pepper spray and pointed it at Mr. Bagby. Sgt. Broadway was then authorized by Mr. Rochelle to use the pepper spray. Mr. Bagby was sprayed one time despite the fact that he was lying on the ground unable to breathe and not posing a threat to himself or others. Sgt. Broadway directed the spray at Mr. Bagby's face and after spraying him, he left an orange spot on the side of Mr. Bagby's face. Mr. Bagby was disoriented and could not see, yet he was still ordered to get up. Mr. Bagby was then moved to another area where he was sprayed again. Once again Mr. Bagby was sprayed across the face. Mr. Bagby

had his hands behind his head and Sgt. Winters had his boot in his back. Mr. Bagby was still unable to breathe; however, Sgt. Broadway and Sgt. Winters continued to order Mr. Bagby up. Other inmates were told to walk on or over Mr. Bagby as he lay on the ground gasping for air, slowing dying. Finally, Mr. Bagby was initially drug then eventually carried to the Boot Camp infirmary where he was laid on the floor. Medical help was summoned and Lusby Ambulance Service out of Pine Bluff, Arkansas was called, despite the fact that MEMS Ambulance service was much closer. The Emergency Medical Technicians from Lusby Ambulance Service were not told that Mr. Bagby had been sprayed with pepper spray. They were only informed of this after they had taken Mr. Bagby to the Southwest Hospital Emergency Room. None of the officers that had pepper spray were certified to use the pepper spray at the time of this incident. At Southwest Hospital, efforts were made to save Mr. Bagby's life, but they proved to be futile. Mr. Bagby was pronounced dead at 6:00 p.m. on March 9, 1999 less than eight hours after having begun the Boot Camp Program. An autopsy conducted by the Arkansas State Medical Examiner revealed that Mr. Bagby died as a result of aspiration of gastric contents after Oleoresin Capsicum Pepper Spray exposure, following exertion complicated by bronchial asthma and sickle cell crisis.

FIRST CAUSE: DEPRAVATION OF CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983

8. At all relevant times, the above and foregoing acts committed by the defendants, Sgt. Richard Winters and Sgt. John

Broadway, were committed while they were acting as an employee and/or agent of the defendant, Arkansas Department of Corrections. The officers were acting under the color of state law when these civil rights violations occurred.

9. At all times herein mentioned, Administrator Tommy Rochelle, Warden Clifford Terry and Director Larry Norris, while in a supervisory capacity authorized and ratified the wrongful acts of the St. John Broadway and Sgt. Richard Winters. The officers' wrongful conduct was the result of policies, practices and customs of the Arkansas Department of Corrections to use excessive force, intimidation, and cruel and unusual punishment against the participants in the Boot Camp Program. The aforementioned defendants foster and tolerate an atmosphere of overt and tacit vigilante extra-judicial punishment system. Even though the Arkansas Department of Corrections has in place policies concerning the use of force and the use of chemical agents and even though the Arkansas Department of Corrections knew about misconduct prior to this incident, no significant efforts had been made to prevent this misconduct up to the time Mr. Bagby was pepper sprayed, cursed at, and deprived of adequate medical treatment. All allegations made in this complaint concerning failure to train, instruct or supervise, are made regarding a deliberate pattern of conduct and are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

10. The aforesaid and foregoing conduct of the defendants offend the original purpose of 42 U.S.C. §1983 and other civil rights statutes.

11. Mr. Bagby was entitled to protection against deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution; to equal protection of the laws and to privileges and immunities of a citizen under the Fourteenth Amendment; to punishment only after trial under the Sixth Amendment, and to protection from cruel and unusual punishment under the Eighth Amendment. The liberty interests protected by the Fifth and Fourteenth Amendments include the freedom from battery, assault, intentional infliction of mental distress, and wrongful death. The equal protection interests and privileges and immunities protected by the Fourteenth Amendment include the right to observance of the constitutional guarantees accorded all citizens.

12. Sgt. John Broadway and Sgt. Richard Winters deliberately and/or recklessly denied plaintiff full and equal benefits of all laws and proceedings for the security of person and property as is enjoyed by all citizens, all to Mr. Bagby's damage as hereinabove alleged and specifically through deliberate, vicious acts of pepper spraying him while he was unable to breathe, cursing at him as he lay incapacitated and failing to provide medical attention as he lay dying. Sgt. John Broadway and Sgt. Richard Winters subjected Mr. Bagby to excessive force, cruel and unusual punishment, threats of great bodily injury,

great bodily injury and ultimately death all in violation of his constitutionally protected rights.

13. Even after subjecting Mr. Bagby to excessive force and cruel and unusual punishment, Sgt. Broadway, Sgt. Winters and Administrator Rochelle failed to provide adequate medical treatment to Mr. Bagby. Mr. Bagby was drug, then carried to the Boot Camp Infirmary only after he lay unconscious, unable to move. No nurse or other medical personnel was at the facility at the time even though it was reasonably foreseeable that some medical problem might arise during "Shock Incarceration." Mr. Bagby was laid on the floor while an ambulance was summoned from Pine Bluff to take him to a hospital in Little Rock. Instead of calling MEMS Ambulance Service located in Little Rock, the defendants summoned an ambulance from Lusby Ambulance Service in Pine Bluff. When the Lusby Ambulance Service arrived, the EMTs were not informed that Mr. Bagby had been peppered sprayed.

## SECOND CAUSE: § 1983 ACTION AGAINST
## ARKANSAS DEPARTMENT OF CORRECTIONS

14. Paragraph's 2 through 13 are incorporated by reference as though fully set forth.

15. Prior to March 9, 1999, the Arkansas Department of Corrections developed and maintained policies or customs exhibiting reckless and deliberate indifference to the constitutional rights of persons incarcerated at the Wrightsville Boot Camp, which policies and/or customs caused the violation of Mr. Bagby's rights.

16. It was the policy and/or custom of the Arkansas Department of Corrections to allow inmates in the Wrightsville Boot Camp to be sprayed with pepper spray for non-compliance with an officer's orders even though the inmate was not aggressive, combative or in any way posing a risk of danger to himself or others.

17. It was the policy and/or custom of the Arkansas Department of Corrections to inadequately supervise and train its Boot Camp Staff, including the defendants, Sgt. John Broadway and Sgt. Richard Winters, thereby failing to adequately discourage further constitutional violations on the part of its staff. Neither Sgt. John Broadway nor Sgt. Richard Winters was certified in the use of pepper spray. In fact on March 9, 1999, none of the staff that was with Mr. Bagby's flight was certified in the use of pepper spray though they had it and threatened to employ it on other inmates.

18. As a result of the above described policies and customs, officers of the Arkansas Department of Corrections, including defendants Sgt. Broadway and Sgt. Winters, believed that their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned, but would be tolerated. Sgt. Broadway obtained approval from Administrator Rochelle prior to the improper use of pepper spray against Mr. Bagby. Furthermore, Mr. Bagby was denied adequate access to emergency medical treatment all in violation of his constitutional rights and specifically subjecting him to cruel and unusual punishment.

19. The above described policies and customs demonstrated a reckless, deliberate indifference on the part of policy makers of the Arkansas Department of Corrections to the constitutional rights of persons incarcerated in the Wrightsville Boot Camp, and were the cause of the violations of Mr. Bagby's rights as alleged herein.

**THIRD CAUSE: VIOLATION OF
ARKANSAS CIVIL RIGHTS ACT, A.C.A. § 16-23-101. ET. SEQ.**

20. Paragraph's 2 through 19 are incorporated by reference as though fully set forth.

21. The Constitution of the State of Arkansas guarantees the equality of all persons before the law (Art. 2 § 3), protects against deprivation of liberty without due process of law (Art. 2 § 8), protects against cruel or unusual punishments (Art. 2 § 10), and protects against unreasonable searches and seizures (Art. 2 § 15).

22. The actions of Defendant, St. Broadway, St. Winters and Administrator Rochelle conducted under the color of law, constituted violence, harassment and intimidation against the person of Mr. Bagby. These acts are prohibited by the relevant provisions of the Arkansas Constitution, and for which Plaintiff is entitled to damages, attorney's fees and costs of litigation under A.C.A. § 16-123-106.

23. Policies and procedures of Defendant Arkansas Department of Corrections created a climate in which the actions detailed above were understood by Sgt. Broadway and Sgt. Winters to carry no probability of sanctions. Those policies and procedures constituted reckless and

willful disregard for the health, safety and civil rights of the Mr. Bagby and of all persons incarcerated within the Wrightsville Boot Camp. Those policies proximately caused Mr. Bagby's injuries and for which the Plaintiff is entitled to damages, attorney's fees and costs of litigation under A.C.A. § 16-123-106.

### FOURTH CAUSE: ASSAULT

24. Paragraphs 2 through 23 are incorporated by reference as though fully set forth.

25. Defendant Officers committed the tort of assault upon Mr. Bagby by attempting or threatening to inflict injury by the means of the use of pepper spray on Mr. Bagby while possessing present ability to do so, and intentionally displaying force so as to give Mr. Bagby a reason to fear or expect immediate and renewed bodily harm. This assault caused grievous and severe psychological damage to Mr. Bagby; from which he suffered up to the time of his death.

26. Defendant Arkansas Department of Corrections recklessly and willfully caused the assault by failure to properly train, supervise and control the conduct of Defendant Sgt. John Broadway and Sgt. Richard Winters.

27. Defendants Arkansas Department of Corrections, Clifford Terry and Larry Norris recklessly and willfully caused the assault by failure to properly train, supervise and control the conduct of Sgt. John Broadway and Sgt. Richard Winters.

28. Defendant Arkansas Department of Corrections, Clifford Terry and Larry Norris recklessly and willfully caused the assault by failure to enforce policies and procedures designed to prohibit and prevent violations of inmates' rights by staff.

29. Defendant Arkansas Department of Corrections, Clifford Terry and Larry Norris recklessly and willfully caused the assault by failure to enforce policies and procedures designed to guide police supervisors in training, supervising and controlling its staff.

### COUNT FIVE: BATTERY

30. Paragraph 2 through 29 incorporated by reference as though fully set forth.

31. Defendant Sgt. John Broadway committed the tort of battery upon Mr. Bagby by pepper spraying him and thereby intentionally or recklessly using force upon him. This battery caused grievous and severe damage and ultimately death to Mr. Bagby. Furthermore, Defendant Sgt. Richard Winters committed the tort of battery upon Mr. Bagby by intentionally putting his foot on top of Mr. Bagby as he lay helpless on the ground.

32. Defendant Tommy Rochelle, Larry Norris and Clifford Terry recklessly and willfully caused the battery by failure to properly train, supervise and control the conduct of Sgt. John Broadway and Sgt. Richard Winters, by failing to enforce policies preventing violations of inmates' rights by officers, and by failing to enforce policies and procedures designed to guide supervisors in training, supervising and controlling officers.

### COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR OUTRAGE.

33. Paragraphs 2 through 32 are incorporated by reference as though fully set forth.

34. Defendant Sgt. John Broadway and Sgt. Richard Winters committed the tort of infliction of emotional distress upon Mr. Bagby by cursing him, pepper spraying him, and not providing medical

treatment intentionally or recklessly thereby using excessive force and subjecting Mr. Bagby to cruel and unusual punishment. Defendants Sgt. John Broadway and Sgt. Richard Winters knew or should have known that emotional distress was likely to result from their conduct. Their conduct was extreme and outrageous and beyond all possible bounds of decency, and was utterly intolerable in a civilized community. The actions of the Defendant officers were the cause of Mr. Bagby's distress and death and was so severe that no reasonable person could be expected to endure them.

## WRONGFUL DEATH

35. Paragraphs 2 through 34 are incorporated by reference as though fully set forth.

36. Defendants inflicted unlawful force and cruel and usual punishment upon Eddie Bagby, Jr. that caused his death.

37. Plaintiff and Eddie Bagby, Jr.'s parents, brothers, sisters, and child were damaged.

38. Plaintiff's damages are the direct and proximate cause of the intentional conduct of the defendants.

39. On March 9, 1999, at the time of his death, Eddie Bagby, Jr. had a normal life expectancy of 78 years.

40. The deceased, Eddie Bagby, Jr., left surviving his mother, Hattie Bagby, his father Eddie Bagby, his son, Eddie Bagby, III, four brothers, James Foster, Ellis Foster, Ron Foster and Cedric Bagby, and three sisters Sondra Foster, Tammy Jackson and Patricia Bagby each and

all of whom have suffered, and will continue to suffer, mental anguish by reason of said wrongful death.

## JURY DEMAND

41. Pursuant to Rule 38 of the Federal and Arkansas Rules of Civil Procedure, plaintiff demands trial by jury on all factual issues

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray the following relief be granted:

42. Counts I through III: **Civil Rights Violations**. Judgment against Defendants Sgt. John Broadway, Sgt. Richard Winters, Administrator Tommy Rochelle, Warden Clifford Terry, Director Larry Norris, and the Arkansas Department of Corrections, jointly and severally for compensatory damages in an amount to be determined by the trier of fact; punitive damages for their willful, outrageous and malicious conduct in an amount to be determined by the trier of fact; the costs of his suit and attorney's fees and such other and further relief as the court may deem proper.

43. **Assault**: Judgment against Defendant Sgt. John Broadway, Sgt. Richard Winters, Administrator Tommy Rochelle, Warden Clifford Terry, Director Larry Norris, and the Arkansas Department of Corrections jointly and severally for compensatory damages in an amount to be determined by the trier of fact; punitive damages for their willful, outrageous and malicious conduct in an amount to be determined by the trier of fact; the costs of his suit and attorney's fees and such other and further relief as the court may deem proper.

44. **Battery**: Judgment against Defendants Sgt. John Broadway, Sgt. Richard Winters, Administrator Tommy Rochelle, Warden Clifford Terry, Director Larry Norris, and the Arkansas Department of

Corrections, and all other defendants, jointly and severally for compensatory damages in an amount to be determined by the trier of fact; punitive damages for their willful, outrageous and malicious conduct in an amount to be determined by the trier of fact; the costs of his suit and attorney's fees and such other and further relief as the court may deem proper.

45. **Outrage/Intentional Infliction of Mental Distress**: Judgment against Defendant Sgt. John Broadway, Sgt. Richard Winters, Administrator Tommy Rochelle, Warden Clifford Terry, Director Larry Norris, and the Arkansas Department of Corrections jointly and severally for compensatory damages in an amount to be determined by the trier of fact; punitive damages for their willful, outrageous and malicious conduct in an amount to be determined by the trier of fact; the costs of his suit and attorney's fees and such other and further relief as the court may deem proper.

46. The dollar amount of damages, compensatory, punitive and exemplary will exceed seven million, $7,000,000.00 dollars, in order to deter the defendants collectively, from continuing these outrageous and abusive civil rights violation of the citizenry of Arkansas. The demand for exemplary and punitive damages should be awarded plaintiff because the wrong done to Mr. Bagby was aggravated by circumstances of violence, oppression, malice, fraud, wanton and wicked conduct on the part of the defendants, and are intended to solace the Plaintiff for mental anguish, laceration of his feelings, shame, degradation, and the aggravation of the original wrong, to punish the defendants for their malevolent behavior, and to make an example of the defendants.

**Request For Injunctive Relief**

47. Prospective relief from this court ordering the Arkansas Department of Corrections to establish a policy against the use of chemical agents upon inmates who failure to comply with an order but do not otherwise pose a threat of harm to themselves, the staff or others;

48. Prospective relief from this court ordering that all employees of the Arkansas Department of Corrections to attend, complete and be certified in the use of chemical agents before they are authorized to employ them;

49. That this court retain jurisdiction over the present case until the court is fully satisfied that (1) all court ordered policies have been established, (2) that sufficient provisions are in place to ensure that officers are adequately trained.

### Request For Attorney's Fees And Costs

50. Plaintiff seeks his attorney fees, reasonable costs and expenses of this action, pursuant to the provisions of Arkansas Code Annotated § 16-22-308, and applicable Federal Law.

### Request For Joint And Several Liability

51. Plaintiff respectfully request that the several defendants be held jointly and severally liable for any judgment awarded.

### Request For Equitable Relief

52. Such further relief as the Court deems just or proper.

### Wrongful Death

53. The plaintiff, Ellis Foster, individually and on behalf of the estate of Eddie Bagby, Jr., deceased, is entitled to recover for the following damages, all of which were proximately caused by the intentional and willful and wanton conduct of the defendant:

   a. Pecuniary injuries sustained because of loss of contributions; loss of consortium, mental anguish suffered, all in the sum of $ 1,000,000.00;

   b. Mental anguish suffered in the full sum of $1,000,000.00;

   c. Medical expenses attributable to the fatal injury and the reasonable value of funeral expenses in the sum of $5,000.00;

### Escrow Account

54. Plaintiff prays that the defendants be ordered to place the sum of seven million dollars in an escrow account until this matter has been disposed of for security against judgment.

Respectfully submitted,

*[signature]*

Willard Proctor, Jr.
Attorney at Law
1619 South Broadway
Little Rock, AR  72206
(501) 378-7720
Arkansas Bar No.: 87136

Ed Webb & Associates